UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:22-cr-52 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| MATTHEW HUBER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION AND ORDER**

Matthew Huber pled guilty to (1) conspiracy to possess with intent to distribute cocaine and psilocyn in violation of 21 § U.S.C. 846 (Count One) and (2) two violations of federal drug laws in 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two and Three). On March 13, 2023, the Court sentenced Mr. Huber to 37 months in prison on Counts One through Three, to run concurrently. This sentence was based on a total offense level of 17 (after a three-point reduction for acceptance of responsibility) and a criminal history category of VI—yielding an advisory guideline range of 51 to 63 months, the parties' plea agreement, and the factors set forth in 18 U.S.C. § 3553(a).

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 821 and 822 to the United States Sentencing Guidelines, Mr. Huber filed a *pro se* motion for a reduction in his sentence. (ECF No. 37.) Appointed counsel filed a supplement. (ECF No. 41.) The United States opposes the motion. (ECF No. 42.)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the Sentencing Guidelines. First, the

Court must consider the scope of the reduction authorized by the Amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Mr. Huber seeks a reduction in sentence because, under the Guidelines as amended, he would only receive one additional status point in his criminal history instead of two. (ECF No. 37, PageID #357; ECF No. 41, PageID #378–79.) Effective November 1, 2023, the Amendment has retroactive effect. *See* U.S.S.G. § 1B1.10(d) & (e)(2). Application of the Amendment lowers Mr. Huber's criminal history points from 13 to 12, changing his criminal history category from VI to V. As a result, a lower guideline range applies: under the Amendment, the Guideline range drops from 51 to 63 months to 46 to 57 months.

Application of the Amendment, however, does not lower his guideline range to 30 to 37 months, as Mr. Huber argues in his motion. For this argument, Mr. Huber refers to the plea agreement, which stipulated to a base offense level of 16, lowered to 13 based on Mr. Huber's acceptance of responsibility. At sentencing, the Court considered the stipulated offense level and the range that would result from it, which at the time was 33 to 41 months. Today, the range that results from the stipulation is 30 to 37 months. But that range is *not* Mr. Huber's new guideline range. Instead, it is a potential sentencing range to which the parties stipulated in the plea agreement. Even so, Mr. Huber's sentence remains within the range that results from applying the Amendment to the plea agreement.

At sentencing, the Court varied from the guideline range of 51 to 63 months based on the factors under 18 U.S.C. § 3553 and the record as a whole. In doing so, it determined that 37 months was the appropriate sentence. Applying the Amendment to Mr. Huber's case, his sentence of 37 months remains below the amended guideline range of 46 to 57 months. And, upon de novo consideration of the statutory factors, the record as a whole, the parties' plea agreement, and the new guideline range of 46 to 57 months, the Court remains of the view that 37 months is the proper sentence in Mr. Huber's case and that the sentence is sufficient but not greater than necessary to achieve the purposes of sentencing.

For all these reasons, the Court **DENIES** Mr. Huber's motion to reduce his sentence.

**SO ORDERED.**

Dated:  March 15, 2024

　　　　　　　　　　　　　　　　　　　J. Philip Calabrese
　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　Northern District of Ohio