# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:22-cr-00052 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jonathan D. Greenberg |
| MATTHEW HUBER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

On November 26, 2025, Defendant Matthew Huber filed a motion for the Court to reinstate the original terms of his supervised release, release him from home confinement, and remove the requirement for location monitoring. For the following reasons, the Court **DENIES** that motion.

## PROCEDURAL BACKGROUND

On March 13, 2023, the Court sentenced Mr. Huber to 37 months of incarceration, with credit for time served, and 3 years of supervised release. (ECF No. 35.) On August 19, 2025, Mr. Huber appeared for a supervised release violation hearing before the Magistrate Judge. (Minutes, Aug. 19, 2025.) Mr. Huber was released on his prior conditions of supervised release along with additional conditions as stated on the record, including being placed on a location monitoring program with GPS monitoring and home detention. (*Id.*)

On September 19, 2025, Mr. Huber appeared for a fact of violation hearing before the Magistrate Judge. (Minutes, Sept. 19, 2025.) Proffers and arguments were

made, and officer testimony was taken. (*Id.*) Mr. Huber admitted to three supervised release violations, including an amended violation. (*Id.*) The Magistrate Judge issued a report and recommendation that the Court find that Mr. Huber violated the terms of his supervised release. (ECF No. 63, PageID #486.) Further, the Magistrate Judge continued Mr. Huber's conditions of supervised release as previously imposed pending the Court's action. (*Id.*, PageID #487.)

On September 26, 2025, the Court held a violation hearing as to Mr. Huber. (Minutes, Sept. 26, 2025.) Without objection from the parties, the Court adopted the Magistrate Judge's report and recommendation and determined that Mr. Huber violated the conditions of his supervised release. (*Id.*) The Court heard arguments regarding a penalty or sanction, took the matter under advisement, and directed the probation officer to provide a status report by October 31, 2025. (*Id.*) On October 24, 2025, a supplemental report was provided to the Court, which gave an update on Mr. Huber's compliance. (ECF No. 65.)

On November 26, 2025, Mr. Huber filed a motion for the Court to reinstate the original terms of his supervised release, release him from home confinement, and remove the ankle monitor. (ECF No. 66, PageID #503.) According to Mr. Huber, he has "been on home arrest with an ankle monitor since August 19, 2025 with no violations," "complied with all recommendations of the Court," "complied with the general requirements of supervised release," and has "been making payments on his court imposed fees." (*Id.*)

2

## ANALYSIS

Pursuant to Rule 32.1(c)(1) of the Federal Rules of Criminal Procedure, "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." However, courts within the Sixth Circuit "routinely dispose of motions to modify supervised release without a hearing when no modification results." *United States v. Sosna*, No. 1:24-cr-6, 2025 WL 3140641, at *1 (S.D. Ohio Nov. 10, 2025) (citing *United States v. Laughton*, 658 F. Supp. 3d 540, 543 (E.D. Mich. 2023); *United States v. Thorson*, No. 5:16-cr-17, 2022 WL 875225, at *2 (W.D. Ky. Mar. 23, 2022)). This interpretation is consistent with the Court's reading of Rule 32.1(c)(1), which requires that the Court hold a hearing "[b]efore *modifying* the conditions of probation or supervised release." Fed. R. Crim. P. 32.1(c)(1) (emphasis added).

In any event, the Court already held a violation hearing on September 26, 2025, in which Defendant and his counsel were present and oral argument was heard. (Minutes, Sept. 26, 2025.) The Sixth Circuit has determined that where, as here, a defendant already "received a modification hearing under Rule 32.1(c)(1)," it was "unaware of any authority that would entitle him to a *second* hearing." *United States v. Pate*, No. 24-5565, 2025 WL 1342740, at *5 (6th Cir. May 8, 2025).

Based on a review of the record, Defendant's admission to the three supervised release violations, and the fact that the Court imposed the location monitoring program with GPS monitoring and home detention as a condition of bond in lieu of

3

incarceration, the Court sees no reason to modify Defendant's conditions of supervised release at this time. Accordingly, the Court **DENIES** Defendant's motion to reinstate the original terms of his supervised release without the need for a hearing. *Sosna*, 2025 WL 3140641, at *1; *Laughton*, 658 F. Supp. 3d at 543.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to reinstate the original terms of his supervised release. (ECF No 66.)

**SO ORDERED.**

Dated: December 10, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio